ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/31/2020 10:42 AM
By: Narzralli Baksh, Deputy

RON BAMIEH (SBN 159413)
DANIELLE DE SMETH (SBN 263309)
MONIQUE L. FIERRO (SBN 304210)
**BAMIEH & DE SMETH, PLC**
692 EAST THOMPSON BOULEVARD
VENTURA, CA 93001
TELEPHONE (805) 643-5555
FAX: (805) 643-5558
mfierro@bamiehdesmeth.com

Attorneys for Plaintiff EMILY O.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA

| | |
|---|---|
| Emily O., an individual,<br>                                    Plaintiff,<br><br>                    v.<br><br>The Regents of the University of California,<br>James S. Brock, and DOES 1 – 50, Inclusive<br>                              Defendants. | **Case No.**   20CV02449<br><br>VERIFIED COMPLAINT & DEMAND<br>FOR JURY TRIAL<br><br>1.  Civil Code § 1708.5 – Sexual Battery<br>2.  Intentional Infliction of Emotional Distress<br>3.  Negligence<br>4.  Negligence Per Se<br>5.  Civil Code §§ 51, 52 – Unruh Civil Rights Act<br>6.  Govt. Code § 12940 – Fair Employment & Housing Act<br>7.  Title IX 20 U.S.C.A. § 1681 et seq.<br>8.  Title VII 42 U.S.C. § 2000e et seq. |

        Plaintiff Emily O. ("Plaintiff" or "Emily O."), by and through her attorneys, seeks

damages for injuries caused by Defendants and DOES 1-50, and hereby alleges and avers as

follows:

### JURISDICTION AND VENUE

1.      The subject matter of this action is as set forth in the following Complaint, and is

broadly described as an action to address (a) the deprivation of Plaintiff's right to be free of

gender violence and sexual violence; (b) sexual battery pursuant to Civil Code § 1708.5, as

-1-

1   more fully set forth herein; (c) recovery for state law claims arising under the California

2   Constitution, Statutes, and common law, all of which arise out of the same common operative

3   facts as the aforementioned claims, and (d) recovery for federal law claims as pled herein.

4   2.      This court has personal jurisdiction over Defendants because they reside in and/or are

5   doing business in the State of California.

6   3.      Venue is proper since Defendants reside in and/or are doing business in the County of

7   Santa Barbara and the events giving rise to this claim occurred in the County of Santa Barbara.

8   4.      Plaintiff has complied with and/or exhausted any applicable claims statutes and/or

9   administrative and/or internal remedies and/or grievance procedures, and/or is excused from

10  complying therewith.

11                                      **THE PARTIES**

12  5.      At all times relevant to the claims asserted herein, Plaintiff Emily O. was a college

13  student residing in the county of Santa Barbara, California who attended the University of

14  California, Santa Barbara ("UCSB").  Plaintiff was also employed by and worked at UCSB.

15  6.      Plaintiff EMILY O. was 19 years old at the time of injury. The true name and identity of

16  Emily O. is withheld in this Complaint to protect Plaintiff from unwarranted and unwanted

17  publicity, sensationalism, or attention in this public filing and is not being withheld for any

18  improper purpose.  Her identity should not be made public due to her young age and the sensitive

19  and private nature of the sexual assault and battery she suffered.  Due to these confidentiality

20  concerns, Plaintiff's identity has been disclosed to Defendants simultaneous to the service of this

21  Complaint but on a separate document that should not be made a part of the public file.

22  7.      At all times relevant to this action, Defendant THE REGENTS OF THE UNIVERSITY

23  OF CALIFORNA ("Defendant Regents" or "The Regents") was a public university operating the

24  University of California, Santa Barbara campus located in the County of Santa Barbara,

25  California and was funded by the state of California and other federal funds.

26  8.      At all times relevant to this action, Defendant JAMES S. BROCK (hereinafter referred to

27  as "Defendant Brock") was a male individual, residing in Santa Barbara, California and was

28

VERIFIED COMPLAINT

employed by the University of California as the interim chief of the University of California, Santa Barbara Police Department ("UCPD").

9.      The true names and capacities, whether individual, corporate, associate or otherwise, of defendants identified herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings referred to and proximately caused injury and damages to Plaintiff as alleged herein or in the Complaint.  Each such Doe Defendant was the agent, employee of, or acting under the direction of all other Defendants and in doing the things alleged was acting with the scope and purpose of said agency and/or employment.

**FACTS AND ALLEGATIONS**

10.     At all relevant times hereto, Plaintiff Emily O. was a student at the University of California Santa Barbara and an employee of the University of California.

11.     On August 3, 2019, Plaintiff was working as an employee of the University of California. While Plaintiff was getting lunch at the De La Guerra Dining Commons on the UCSB campus, Defendant Brock came up behind her, grabbed her buttocks, slid his hand up her back and whispered in her ear.

12.     During the assault and battery on August 3, 2019, Defendant Brock was dressed in his UCPD uniform.

13.     Plaintiff reported the assault and battery to a coworker and to her supervisor.

14.     Plaintiff also reported the assault and battery to law enforcement.

15.     Plaintiff made a formal Title IX complaint on or about August 16, 2019 with UCSB.

16.     On information and belief, employees and administrators of Defendant Regents who had the authority and agency to take corrective action and to institute interim measures to protect Plaintiff from further harms of ongoing sexual harassment, discrimination, other acts of harassment, and ongoing threat of harassment she has continued to face since the incident, took no interim measures against Defendant Brock.

VERIFIED COMPLAINT

17.     Plaintiff has received and continues to receive ongoing treatment and therapy for the emotional distress she suffered as a result of the incident on August 3, 2019.

18.     Plaintiff's mental health which was negatively impacted by Defendant Brock's sexual assault and battery has impacted her daily living activities and her ability to access her education and educational opportunities as a student at UCSB.

19.     Defendant Regent's UCSB Title IX office sent Plaintiff a letter dated April 27, 2020 stating that it did not substantiate her claim of "sexual assault – contact."  Furthermore, the letter stated that Plaintiff would not be provided with a copy of the Title IX report "[i]n accordance with Penal Code §832.7" and thereby denied Plaintiff an opportunity to review the factual basis and reasoning of the Title IX office's determination.

20.     Plaintiff contends that Defendant Regent's UCSB Title IX office failed to timely conduct an investigation of Plaintiff's complaints of Defendant Brock's assault and battery. The delay was unreasonable and caused Plaintiff severe and irreparable harms to her mental health, wellbeing, and equal access to education.

21.     Plaintiff further contends that the failure to provide her with a copy of the Title IX report, and with the factual basis underlying the Title IX determination violated her due process rights.

22.     Defendant Regents failed to take timely and reasonable corrective actions to ensure that Defendants Brock did not continue to pose a threat of harm to Plaintiff who she continues to remain in fear of.

23.     As a result of Defendant Regents' failure to keep Plaintiff safe, failure to provide her with an educational and employment environment free from sexual assault and sex discrimination, and the failure to complete a timely fair Title IX investigation, Plaintiff has suffered emotional distress that has impacted her ability to access equal educational and employment opportunities with the University of California.

/ / /

/ / /

/ / /

/ / /

VERIFIED COMPLAINT

**FIRST CAUSE OF ACTION**

Sexual Battery

Civil Code § 1708.5

(Against Defendant Brock)

24.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

25.     Defendant Brock acted with intent to cause a harmful and offensive contact with an intimate part of the Plaintiff and a sexually offensive contact with Plaintiff resulted.

26.     Defendant Brock's conduct was intentional.

27.     Defendant Brock's conduct was a substantial factor in causing Plaintiff harm and emotional distress for which Plaintiff is seeking ongoing treatment and therapy to address.

28.     As a result of Defendant Brock's intentional conduct, Plaintiff is entitled to punitive damages.

29.     Plaintiff prays for general damages, special damages and punitive damages along with all recoverable costs, expenses and interest from Defendant Brock in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Defendant Brock)

30.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

31.     Defendant Brock intentionally and deliberately inflicted emotional distress upon Plaintiff by engaging in a sexually offensive contact with Plaintiff as alleged above.

32.     Defendant Brock's conduct was intentional or in reckless disregard of the harm Plaintiff suffered.

33.     Defendant Brock's conduct was outrageous as it constitutes unlawful conduct not to be tolerated by a civil society particularly on the part of law enforcement.

VERIFIED COMPLAINT

34.     Defendant Brock's conduct was a substantial factor in causing Plaintiff harm and emotional distress for which Plaintiff is seeking ongoing treatment and therapy to address.

35.     Wherefore, Plaintiff prays for punitive and compensatory damages including general damages and special damages along with all, costs, expenses and interest from Defendant Brock in an amount to be determined at trial, and for whatever other remedies the Court sees fit.

## THIRD CAUSE OF ACTION

NEGLIGENCE

(Against Defendant Brock and Does 1-50)

36.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

37.     Defendant Brock breached his duty to use reasonable care by engaging in offensive sexual contact with Plaintiff.

38.     A reasonable person in Defendant Brock's position would not have engaged in any sexual or offensive physical act with Plaintiff.

39.     Defendant Brock's conduct proximately and actually caused Plaintiff to suffer harm and emotional distress.

40.     Defendant Brock's conduct was a substantial factor in causing Plaintiff harm and emotional distress for which Plaintiff is seeking ongoing treatment and therapy to address.

41.     Plaintiff prays for compensatory damages along with all recoverable costs, expenses and interest from Defendants in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

NEGLIGENCE PER SE

(Against Defendant Brock Does 1-50)

42.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

43.     Defendant Brock violated laws including but not limited to, Cal. Civ. Code §1708.5 and Penal Code § 243.4.

44.     Defendant Brock violated the University of California Sexual Violence and Sexual Harassment Policy he had a duty to comply with as an employee of the University of California by engaging in prohibited conduct constituting sexual assault-contact.

45.     Defendant Brock's violation of these laws and policies were a substantial factor in causing Plaintiff harm and emotional distress, for which Plaintiff is seeking treatment to address.

46.     Plaintiff prays for compensatory damages along with all recoverable costs, expenses and interest from Defendants in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>

NEGLIGENCE

(Against Defendant Regents and Does 1-50)

47.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

48.     Defendant Regents had a duty to act reasonably toward Plaintiff.

49.     Defendant Regents had a duty to provide Plaintiff a safe educational setting free from discrimination and harassment.

50.     Defendant Regents had a duty to provide Plaintiff a safe employment setting free from discrimination and harassment.

51.     Defendant Regents had actual knowledge of Plaintiff's report sexual assault and battery by Defendant Brock and failed to act reasonably in response.

52.     Defendant Regents failed to reasonably supervise Defendant Brock to ensure he did not pose a threat of sexual harassment and discrimination to Plaintiff.

53.     Defendant Regents breached its duties to Plaintiff by failing to timely complete its Title IX investigation of Plaintiff's complaint of sexual assault and battery.

54.     Defendant Regents breached its duties to Plaintiff by failing to take reasonable remedial measures to ensure that Defendant Brock did not pose an ongoing threat of harm to Plaintiff who has continued to fear for her safety on the UCSB campus.

55.     Defendant Regents breached it duty to provide Plaintiff with a fair process and opportunity to be heard during the Title IX process.

-7-

56.     As a result of Defendant Regent's acts and omissions, Plaintiff has continued to suffer harm, emotional distress, and negative impacts on her education and employment opportunities with the University.

57.     Defendant Regent's acts and omissions were a substantial factor in causing Plaintiff harm.

58.     Plaintiff prays for compensatory damages along with all recoverable costs, expenses and interest from Defendant Regents in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

NEGLIGENCE PER SE

(Against Defendant Regents and Does 1-50)

59.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

60.     Defendant Regents violated laws including but not limited to: Title IX 20 U.S.C.A. § 1681 et seq., Title VII 42 U.S.C. § 2000e et seq., and Civil Code §§ 51, 52 – Unruh Civil Rights Act as alleged more fully herein.

61.     On information and belief, Defendant Regents violated its internal policies and procedures related to its duties under Title IX including but not limited to its obligation to complete an investigation within 60 days of Plaintiff's filing of a Title IX complaint and including but not limited to UCSB's Sexual Violence and Sexual Harassment policies and code of conduct.

62.     Defendant Regents' violation of these laws and policies were a substantial factor in causing Plaintiff harm and emotional distress and other harms related to her access to education and employment opportunities at the University.

63.     Plaintiff prays for compensatory damages along with all recoverable costs, expenses and interest from Defendants in an amount to be determined at trial.

/ / /

/ / /

/ / /

**SEVENTH CAUSE OF ACTION**

UNRUH CIVIL RIGHTS ACT: CIVIL CODE §§ 51, 52

(Against Defendant Regents and Does 1-50)

64.     Plaintiff re-alleges and incorporates by reference all the allegations above and below as though fully set forth herein.

65.     Defendant Regents falls under the definition of a business establishment under the Unruh Civil Rights Act.

66.     Defendant Regents denied Plaintiff full and equal accommodations, advantages, privileges, and services as a student because of her sex and report of sexual assault and battery.

67.     Defendant discriminated against Plaintiff on the basis of her sex and/or gender which denied her full and equal accommodations, advantages, privileges, and services as a student of the university.

68.     Plaintiff's sex was a motivating reason for Defendant Regents' conduct.

69.     Plaintiff was harmed and suffered loss of educational access, educational opportunities, education benefits, thereby resulting in economic damages, humiliation, and emotional distress.

70.     Defendant Regents' conduct was a substantial factor in causing Plaintiff harm and her resulting injuries.

71.     WHEREFORE, Plaintiff prays for special and general damages, civil penalties in an amount no less than $4,000.00 for each violation of the Act and up to a maximum of three times the special and general damages, but in no case less than $4,000.00 per discriminatory act, and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

FAIR EMPLOYMENT AND HOUSING ACT GOVT. CODE § 12940

(Against Defendant Regents and Does 1-50)

72.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

73.     Defendant Regents is an employer within the meaning of Government Code § 12926(d) and Government Code § 12940 prohibiting employers and their agents from discriminating,

harassing, or retaliating against employees on the basis of sex.  Plaintiff was at all material times an employee covered by California Government Code Section 12940(a) prohibiting discrimination, harassment, or retaliation in employment on the basis of sex, race, national origin, gender and/or sexual orientation.

74.     Defendant Regents wrongfully discriminated against Plaintiff on the basis of her sex under the California Fair Employment and Housing Act ("FEHA").

75.     Defendant Regents subjected Plaintiff to harassment based on sex during her employment.

76.     Defendant Regents subjected Plaintiff to a hostile work environment based on sex during her employment.

77.     Plaintiff was subjected to unwanted sexual harassment and sex discrimination by Defendant Brock in the course of her employment with Defendant Regents.

78.     A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile and/or abused based on Defendant Brock's conduct.

79.     Defendant Regents by and through its employees, agents, representatives, including those in supervisory positions condoned and ratified the harassing conduct by failing to appropriate action in response to Plaintiff's complaint regarding Defendant Brock's conduct.

80.     Plaintiff reported Defendant Brock's sexual assault and battery to her supervisors, agents and/or representatives of Defendant Regents.

81.     Defendant Regents failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code Section 12940, Subsection (k), by engaging in the course of conduct set forth herein, among other things.

82.     Defendant Regents had a duty to supervise to its employees, agents, and/or representatives acting on its behalf and for its benefit under Govt. Code § 12940(k) as part of its duty to take all reasonable steps to prevent discrimination and harassment and yet failed to do so.

VERIFIED COMPLAINT

83.     Defendant Regents discriminated against Plaintiff on the basis of sex during her employment.

84.     Defendant Regents committed the acts alleged herein in conscious disregard of Plaintiff's right to work in an environment free from discrimination and harassment on the basis of her sex and gender.

85.     Defendant Regents failed to exercise reasonable care to prevent and promptly correct the discriminatory behavior perpetrated on Plaintiff.

86.     Defendant Regents' failure to provide Plaintiff with a work environment free from sexual harassment and sex discrimination wrongfully caused Plaintiff to be constructively discharged from two employment positions with the University resulting in a loss of income and employment opportunities to Plaintiff.

87.     As a direct and proximate result of the wrongful conduct of Defendant Regents, Plaintiff has suffered and continues to sustain losses in earning and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial.

88.     As a direct and proximate result of Defendant Regent's wrongful conduct, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish.

89.     Defendant Regent's conduct was a substantial factor in causing Plaintiff's injuries and harms.

90.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

91.     Wherefore, Plaintiff seeks general and special damages, compensatory damages in an amount to be proven at trial and attorneys' fees and costs.

/ / /

/ / /

/ / /

VERIFIED COMPLAINT

**NINTH CAUSE OF ACTION**

TITLE IX 20 U.S.C.A. § 1681 ET SEQ.

(Against Defendant Regents and Does 1-50)

92.     Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

93.     At all times relevant, Defendant Regents exercised substantial control over Defendant Brock who sexually assaulted and battered Plaintiff on August 3, 2019.

94.     Plaintiff suffered harassment and sex discrimination, which was so severe, pervasive, and objectively offensive that it can be said to deprive her of access to educational opportunities and/or benefits provided by Defendant Regents.

95.     Defendant Regents had actual knowledge of the sexual assaults and battery perpetrated on Plaintiff.

96.     Defendant Regents acted with deliberate indifference to the known sexual assaults and battery perpetrated on Plaintiff.

97.     Examples of Regent's conduct constituting deliberate indifference includes but is not limited to: failing to provide Plaintiff with reasonable academic accommodations, failing to institute a no-contact between Defendant Brock and Plaintiff, failing to timely Title IX investigation, failing to provide Plaintiff with a copy of the Title IX report, failing to provide Plaintiff with the factual basis and reasoning underlying the Title IX decision, failing to provide Plaintiff a process to appeal the Title IX decision, failing to provide Plaintiff with an educational environment free from sex discrimination.

98.     Defendant Regent's conduct constituting deliberate indifference caused Plaintiff to undergo ongoing fear on the UCSB campus and negatively affected her ability to access her education.

99.     Defendant Regent's Sexual Violence and Sexual Harassment Policies are inadequate as written and as applied resulting in further violations of Plaintiff's due process rights under Title IX.

-12-

VERIFIED COMPLAINT

100.   Wherefore, Plaintiff seeks general and special damages, compensatory damages in an amount to be proven at trial and attorneys' fees and costs.

**TENTH CAUSE OF ACTION**

TITLE VII 42 U.S.C. § 2000e ET SEQ.

(Against Defendant Regents and Does 1-50)

101.   Plaintiff incorporates each of the allegations contained above and below as if they were fully set forth herein.

102.    Plaintiff is in a protected class due to her sex and gender.

103.   Plaintiff was qualified for her positions with the University of California and was performing the jobs adequately and meeting the employer's expectations.

104.   Plaintiff was subjected to unwelcome and pervasive sexual harassment and discrimination based on her sex and gender by Defendant Brock.

105.   Plaintiff was constructively discharged from two employment positions with the University of California due to a hostile work environment based on sexual harassment and discrimination.

106.   Defendant Regents was on notice of Defendant Brock's sexual assault and battery but failed to take prompt, corrective or meaningful action.

107.   Plaintiff suffered harassment and discrimination so intolerable that a reasonable person in the same position would have felt compelled to resign.

108.   Plaintiff's decision to resign from the two employment positions with the University was reasonable given the totality of circumstances.

109.   The working conditions become so intolerable that a reasonable person in the Plaintiff's position would have felt compelled to resign.

110.   As a result, Plaintiff suffered loss of employment, employment opportunities, other pecuniary losses, emotional distress and negative impacts on her mental and physical health.

111.   Wherefore, Plaintiff seeks general and special damages, compensatory damages in an amount to be proven at trial and attorneys' fees and costs.

///

-13-

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

From Defendant The Regents of the University of California:

1. For pre-judgment interest pursuant to Civil Code section 3287 et. seq. and/or any other provision of law providing for pre-judgment interest;

2. For general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial;

3. For special damages in an amount to be proven at the time of trial;

4. For compensatory damages and other economic damages according to proof;

5. For costs of suit herein incurred;

6. For civil penalties in an amount no less than $4,000.00 for each violation of the Unruh Civil Rights Act and up to a maximum of three times the special and general damages, but in no case less than $4,000.00 per discriminatory act;

7. For Attorney's fees and costs;

8. For injunctive relief requiring Defendant Regents to amend their Title IX policies;

9. For specific relief as allowed by law; and

10. For such other further relief as the Court may deem just and proper.

From Defendant Brock:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive and exemplary damages according to proof;

4. For pre-judgment interest pursuant to Civil Code section 3287 et. seq. and/or any other provision of law providing for pre-judgment interest;

5. For compensatory damages and other economic damages according to proof;

6. For costs of suit herein incurred;

7. For specific relief as allowed by law; and

8. For such other further relief as the Court may deem just and proper.

///

-14-

VERIFIED COMPLAINT

1    DATED: July 31, 2020                    **BAMIEH & DE SMETH, PLC**

2

3                                            _Monique J. Fierro_
                                             RON BAMIEH
4                                            DANIELLE DE SMETH
                                             MONIQUE L. FIERRO
5                                            Attorneys for Plaintiff Emily O.

6

7                          **JURY TRIAL DEMAND**

8          Plaintiff hereby respectfully demands a jury trial on all causes of action for which a jury

9    is available under the law.

10   DATED:  July 31, 2020                   **BAMIEH & DE SMETH, PLC**

11

12                                           _Monique J. Fierro_
                                             RON BAMIEH
13                                           DANIELLE DE SMETH
                                             MONIQUE L. FIERRO
14                                           Attorneys for Plaintiff Emily O.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

VERIFIED COMPLAINT

1                                   **<u>VERIFICATION</u>**

2        I, Emily O., declare:

3        I am the Plaintiff in the above-entitled matter.

4        I have read the foregoing Complaint and know the contents thereof.

5        The same is true of my own knowledge, except as to those matters which are therein

6   stated on information and belief, and, as to those matters, I believe it to be true.

7        Executed on July 31, 2020 in Santa Barbara County, California.

8   I declare under penalty of perjury that the foregoing is true and correct.

9

10                         Plaintiff Emily O.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT